**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LAKESHA BRYANT,**

    **Plaintiff,**

    **v.**                                   **Case No. 17-2244**

**UNITED STATES POSTAL SERVICE,**

    **Defendant.**

**MEMORANDUM & ORDER**

Pro se plaintiff Lakesha Bryant filed suit against defendant United States Postal Service for employment discrimination. Defendant filed a Motion to Dismiss on September 21, 2017. (Doc. 9.) To date, plaintiff has not filed a response. The court will therefore consider defendant's motion as uncontested pursuant to D. Kan. Rule 7.4(b). The court, however, cannot grant defendant's motion solely based on plaintiff's failure to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."). The court, therefore, will review defendant's motion while liberally interpreting the allegations in plaintiff's pro se complaint. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**I.**     **Background**

According to records attached to the motion to dismiss[1], defendant first hired plaintiff on September 20, 2014. She was converted to a probationary career position on June 27, 2015 and was terminated on August 21, 2015 due to several unscheduled and absent without leave absences.

---

[1] Courts have discretion to consider affidavits and other documents to resolve jurisdictional questions under Rule 12(b)(1). *See Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).

-1-

Plaintiff filed an informal EEOC complaint shortly after her termination. The parties were unable to mediate the informal complaint. Defendant informed plaintiff she had the option of filing a formal complaint if she wished to further pursue her case. There is no indication that plaintiff filed a formal complaint. Plaintiff instead filed an appeal of her probationary termination with the Merit Systems Protection Board ("MSPB"). The MSPB dismissed her case for lack of jurisdiction, and issued a final decision on April 28, 2016.

Plaintiff filed a complaint in this court on April 26, 2017 using the court's form employment-discrimination complaint. (Doc. 1.) Plaintiff alleged she was discriminated against because of her race. In her complaint, plaintiff admitted she had not received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") and that the "EEOC told me I didn't have a case, so I proceeded to the MSPB Court and up. I didn't know about any other resources." (Doc. 1, at 2.)

**II.    Analysis**

Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. Defendant argues that plaintiff has failed to administratively exhaust her claims.

Title VII of the Civil Rights Act of 1964 is the exclusive remedy for federal employees alleging discrimination and retaliatory conduct. *Mobley v. Donahoe*, 498 F. App'x 793, 796 (10th Cir. 2012) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)). "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). Before bringing suit in federal court, Title VII plaintiffs must clear three procedural hurdles: (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter." *Kinney v. Blue Dot Servs. of Kan.*, 505 Fed. App'x 812, 814 (10th Cir. 2012) (citing 42 U.S.C. § 2000e-5(e)(1),(f)(1)). It is plaintiff's

burden to show she has satisfied the necessary exhaustion requirements. *Robinson v. Rhodes Furniture, Inc.*, 92 F. Supp. 2d 1162, 1166 (D. Kan. 2000).

Here, plaintiff did file a complaint with the EEOC, but it was an informal complaint. After an unsuccessful mediation, plaintiff was instructed that if she wanted to continue her case, the next step was to file a formal complaint within 15 days. She did not. She instead filed an appeal with the MSPB, which was dismissed for lack of jurisdiction because the MSPB may only hear cases from 1) a preference-eligible employee, a manager, a supervisor, or an employee engaged in personnel work; who, 2) has completed one year of current, continuous service. (Doc. 10-4, at 4.) The MSPB found that plaintiff did not meet these criteria. While final decisions from the MSPB can be appealed to a federal court, any such appeal must be filed within 60 days after the final order is issued. (Doc. 10-5, at 6.) The MSPB issued its final order on April 28, 2016, and plaintiff filed the present case on April 26, 2017. Any effort to seek review of the MSPB's decision is untimely.

Plaintiff also failed to meet additional requirements for administrative exhaustion. She did not file her formal complaint as instructed, and did not receive a right-to-sue letter. This court lacks subject-matter jurisdiction over the case and therefore grants defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 9) is granted. This case is dismissed without prejudice and the clerk of the court is directed to enter judgment in favor of defendant and against plaintiff.

Dated December 22, 2017, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**