## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAKESHA BRYANT,

    **Plaintiff,**

v.

UNITED STATES POSTAL SERVICE,

    **Defendant.**

Case No. 17-2244-CM

## **MEMORANDUM & ORDER**

Pro se plaintiff Lakesha Bryant filed suit against defendant United States Postal Service for employment discrimination. This matter is before the court on defendant's Motion to Dismiss Under the Mandate Rule, or in the Alternative, under Fed. R. Civ. P. 12(b)(6) (Doc. 23). For the reasons discussed below, the court grants defendant's motion.

### I. Background

According to records attached to the motion to dismiss[1], defendant first hired plaintiff on September 20, 2014. She was converted to a probationary career position on June 27, 2015 and was terminated on August 21, 2015 due to several unscheduled and absent without leave absences. Plaintiff filed an informal EEOC complaint shortly after her termination. The parties were unable to mediate the informal complaint. Defendant informed plaintiff she had the option of filing a formal complaint if she wished to further pursue her case. There is no indication that plaintiff filed a formal complaint. Plaintiff instead filed an appeal of her probationary termination with the Merit Systems Protection Board

---

[1] Courts have discretion to consider affidavits and other documents to resolve jurisdictional questions under Rule 12(b)(1). *See Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).

("MSPB"). The MSPB dismissed her case for lack of jurisdiction, and issued a final decision on April 28, 2016.

Plaintiff filed a complaint in this court on April 26, 2017 using the court's form employment-discrimination complaint. (Doc. 1.) Plaintiff alleged she was discriminated against because of her race. In her complaint, plaintiff admitted she had not received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") and that the "EEOC told me I didn't have a case, so I proceeded to the MSPB Court and up. I didn't know about any other resources." (Doc. 1, at 2.)

On December 22, 2017, this court granted defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 9). The court found that it lacked subject matter jurisdiction over the case because plaintiff had failed to exhaust her administrative remedies. Plaintiff appealed this ruling, and on December 26, 2018, the Tenth Circuit reversed this court's order and remanded the case with instructions to vacate the dismissal based on Rule 12(b)(1) and to dismiss the case based on defendant's affirmative defense. (Doc. 19.) The Tenth Circuit's decision to reverse and remand the case was based on its decision in *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166 (10th Cir. 2018), which was decided while plaintiff's appeal was pending. In *Lincoln*, the Tenth Circuit reversed its precedent that a court lacks subject matter jurisdiction over a case if a plaintiff fails to exhaust administrative remedies. Instead, the Tenth Circuit held, "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Id.* at 1185.

In its order in the present case, the Tenth Circuit instructed:

In this case, the Postal Service filed a motion to dismiss, pointing out that Bryan admitted in her complaint that she never received a right-to-sue letter from the EEOC. Although this failing does not deprive the district court of jurisdiction to hear the case, it is an effective affirmative defense. Because the factual basis for the defense is plain from the text of Bryant's complaint, it may be properly raised in the Postal Service's motion to dismiss, even though it is no longer a jurisdictional bar. Miller v. Shell Oil Co., 345 F.

2d 891, 893 (10th Cir. 1965). Accordingly, although the district court's dismissal for lack of subject matter jurisdiction no longer accords with our case law, dismissal remains appropriate.

*Bryant v. United States Postal Serv.*, 741 F. App'x 602, 603–04 (10th Cir. 2018). The Tenth Circuit reversed and remanded the case "with instructions to vacate the dismissal on Rule 12(b)(1) and to dismiss the case based on the Postal Service's affirmative defense." *Id.* at 604. Defendant filed the present motion seeking dismissal based on the mandate rule and the law of the case. Defendant also "expressly asserts the affirmative defense of failure to exhaust administrative remedies" and seeks dismissal based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 24, at 4.)

**II.     Analysis**

Title VII of the Civil Rights Act of 1964 is the exclusive remedy for federal employees alleging discrimination and retaliatory conduct. *Mobley v. Donahoe*, 498 F. App'x 793, 796 (10th Cir. 2012) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)). Before bringing suit in federal court, Title VII plaintiffs must clear three procedural hurdles: (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter." *Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012) (citing 42 U.S.C. § 2000e-5(e)(1),(f)(1)). It is plaintiff's burden to show she has satisfied the necessary exhaustion requirements. *Robinson v. Rhodes Furniture, Inc.*, 92 F. Supp. 2d 1162, 1166 (D. Kan. 2000). A plaintiff's failure to exhaust administrative remedies "permits the employer to raise an affirmative defense of failure to exhaust . . . ." *Lincoln*, 900 F.3d at 1185. Specifically, a plaintiff's failure to acquire a right-to-sue letter from the EEOC is an "effective affirmative defense" in a Title VII case.

Here, defendant maintains—as this court and the Tenth Circuit have already determined—that plaintiff failed to exhaust her administrative remedies. Plaintiff filed a complaint with the EEOC, but it

was an informal complaint. After an unsuccessful mediation, plaintiff was instructed that if she wanted to continue her case, the next step was to file a formal complaint within 15 days. She did not. She instead filed an appeal with the MSPB, which was dismissed for lack of jurisdiction because the MSPB may only hear cases from 1) a preference-eligible employee, a manager, a supervisor, or an employee engaged in personnel work; who, 2) has completed one year of current, continuous service. (Doc. 10-4, at 4.) The MSPB found that plaintiff did not meet these criteria. While final decisions from the MSPB can be appealed to a federal court, any such appeal must be filed within 60 days after the final order is issued. (Doc. 10-5, at 6.) The MSPB issued its final order on April 28, 2016, and plaintiff filed the present case on April 26, 2017. Any effort to seek review of the MSPB's decision is untimely.

Plaintiff also failed to meet additional requirements for administrative exhaustion. She did not file her formal complaint as instructed, and did not receive a right-to-sue letter. As the Tenth Circuit has held, because plaintiff did not receive a right-to-sue letter, defendant has an "effective affirmative defense." Because defendant has now asserted failure to exhaust as an affirmative defense, the court dismisses plaintiff's complaint under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 23) is granted based on the affirmative defense of failure to exhaust administrative remedies. This case is dismissed, and the clerk of the court is directed to enter judgment in favor of defendant and against plaintiff.

Dated June 13, 2019, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**